# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RETTIS MARCH, SR                                                                                    PLAINTIFF

v.                                       3:05CV00168 JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                           DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Rettis March, Sr., has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB"). Both parties have submitted Appeal Briefs (docket entries #9 and #10), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

Plaintiff alleged disability[2] based on gout, arthritis in his back, and a speech impediment. (Tr. 57.) After conducting an administrative hearing, the Administrative Law Judge[3] ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through April 7, 2005, the date of his decision. (Tr. 15.) On June 18, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 3-5.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 42 years old at the time of the administrative hearing (Tr. 133, 136) and a high school graduate.[4] (Tr. 63.) His past relevant work included jobs as a housekeeper, janitor, loader, and factory worker. (Tr. 11, 14, 15, 58.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2003). If the claimant is, benefits are denied, regardless of medical condition, age, education, or work experience. *Id.*

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(c). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*,

---

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[3]The Hon. Robert L. Neighbors.

[4]He also attended college for half of a year, but contended that he did not earn any credits. (Tr. 136, 137.)

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).[5]  If so, and the duration requirement is met, benefits are awarded.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work.  *Id.*, § 404.1520(f).  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 404.1520(g).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

In his decision, dated April 7, 2005, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date of March 30, 2002 (Tr. 15); (2) had "severe" impairments[6] (Tr. 12); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 15); (4) was not totally credible in regard to the nature and extent of his alleged impairments (Tr. 14); (5) retained the RFC for light work (*id.*); and (6) was able to perform his past relevant work as a shank tacker in a shoe factory.  (Tr. 15.)  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

In Plaintiff's Appeal Brief, he argues that the ALJ erred: (1) in failing to find that he met a Listing; (2) in ignoring his testimony and failing to articulate how his exertional impairments correlated with his determination that he could perform his past relevant work; and (3) in failing to consider his impairments in combination.  The Court will analyze each of these arguments separately.

First, Plaintiff contends that the ALJ erred in not finding that he met or equaled a Listing.[7]

---

[5] If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence.  *Id.*, § 404.1520(e).  This RFC is then used by the ALJ in his analysis at Steps 4 or 5.  *Id.*

[6] The ALJ did not specify which of his impairments were "severe."  It is clearly the better practice to specify which impairments were deemed to be "severe."

[7] Step 3 of the sequential evaluation process is designed to streamline the decision-making process by identifying those claimants whose medical impairments are so severe that they can be found

(Plaintiff's App. Br. at 5-6.) Besides making this bare bones assertion, Plaintiff offers only a laundry list of complaints, diagnoses, impressions, and observations, many from outside the relevant time period. Furthermore, he does not develop and explain how any of the listed items prove that he met a Listing, and he does not even identify which Listing he contends he met or equaled. Some courts treat such a failure to flesh out an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992) (citations omitted); *accord, Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); *Leer v. Murphy*, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned). Thus, the Court concludes that Plaintiff failed to prove at Step 3 that he met a Listing.

Second, Plaintiff contends that the ALJ ignored his testimony, failed to take into account the medical evidence, and failed to articulate how the evidence correlated with his RFC determination. (*Pltf.'s App. Br.* at 8-10.) Clearly, the ALJ did not ignore Plaintiff's testimony. Rather, in his decision, he discussed it at some length, but found it less than fully credible. (Tr. 12-14.) The ALJ also discussed the medical evidence at some length. (Tr. 11-13.) Although he did not specifically discuss the Medical Assessment of Ability to do Work-related Activities (Physical) of Charles D.

---

disabled regardless of their vocational background. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). However, a claimant has the burden of showing that he met a Listing. *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

Varela, M.D., the consultative orthopaedist, the ALJ's RFC determination is obviously based on the medical content of that document. (Tr. 132.) Thus, the Court concludes that some medical evidence supports the ALJ's RFC determination. *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000).

Third, Plaintiff contends that the ALJ failed to consider his impairments in combination. (*Pltf.'s App. Br.* at 10.) However, a review of the ALJ's decision reveals that he discussed Plaintiff's impairments individually (Tr. 11, 12, 13, 15) and in combination. (Tr. 12, 15.) *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Furthermore, the ALJ discussed at some length Plaintiff's limitations of function, which are a cumulation of his impairments. (Tr. 12, 13, 14, 15.) Thus, the Court concludes that Plaintiff's final argument is without merit.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is hereby affirmed and Plaintiff's Complaint is hereby dismissed, with prejudice.

DATED this 18th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE